NO. 07-06-0227-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 7, 2006


______________________________



DAVID CRUZ SANCHEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;



NO. A3067-0602; HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



ON MOTION TO DISMISS



__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant David Cruz Sanchez, by and through his attorney, has filed a motion to
dismiss this appeal because he no longer desires to prosecute it. Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.2(a) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

 Chief Justice

Do not publish.



 well have been
used by the jury in determining not only the risk of death confronting the victim but also the
gravity of appellant's crime. This is especially so when that evidence is coupled with other
evidence indicating that appellant shot his victim when her back was turned and as she
tried to run away. The gravity to depravity of the crime are indeed relevant factors which
a jury could consider in assessing punishment. 

 So too can it be said that evidence of the extensive blood loss served to discredit
appellant's contention that the shooting was accidental and that he did not intend to hurt
the woman (i.e. his girlfriend). Indeed, the jury could have concluded that had the shooting
been accidental, appellant would have attempted to render her aid rather than simply leave
as the victim cried and bled from the wound. 

 In short, the clothing was admissible and its admission did not serve only to inflame
the minds of the jurors. Consequently, we hold that the trial court did not abuse its
discretion in admitting the items.

 Issue Two - Effectiveness of Counsel

 Next, appellant contends that he received ineffective assistance of counsel. This
purportedly occurred when his trial attorney incorrectly informed appellant that appellant
could eschew appearing as a witness yet personally make a closing argument. The
inaccurate advice allegedly resulted in appellant being "prevented from providing any
statement or testimony." We overrule the issue.

 We need not discuss the pertinent standard of review for it is well-settled and amply
described in Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). We refer the
litigants to that opinion.

 Next, though the record discloses that defense counsel informed the trial court that
appellant wished to make part of the closing argument, nothing of record illustrates what
appellant's counsel actually told appellant about his ability to do so. Nor does evidence of
record illustrate that appellant would have testified at trial had he known that his attorney's
supposed advice was wrong. This is problematic because authority requires the supposed
misconduct of counsel to be "firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d at 813. 

 Similarly absent is evidence suggesting that defense counsel either would have
encouraged or dissuaded appellant from testifying irrespective of whether the trial court
allowed appellant to participate in the closing argument. Indeed, one cannot doubt that
influencing a defendant to remain silent during trial is an oft used trial strategy. It could well
be that appellant never intended to testify, but rather, wanted a way to speak to the jury
while avoiding the rigors of cross-examination. In other words, the defendant and his
attorney may have been engaging in a strategic maneuver hoping all the while to do that
which they knew they could not. Yet, whatever the case may be, we are left only to
speculate on the matter given the dearth of evidence in the record before us. And,
because of that missing evidence, we have no choice but to overrule the issue. 

 Having overruled each issue, we affirm the trial court's judgment.


 Brian Quinn

 Justice


Do not publish.